**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Carrie Lynn Appleby,<br>Plaintiff,<br>v.<br>Mohela, et al.,<br>Defendants. | No. CV-26-08203-PCT-KML<br>**ORDER** |

Plaintiff Carrie Lynn Appleby filed this suit against defendants MOHELA, the U.S. Department of Education, and U.S. Federal Student Aid in Coconino County Superior Court on June 5, 2026, alleging they mishandled her student loans. (Doc. 1-3.) MOHELA filed a notice of removal (Doc. 1) and Appleby moved to have the case remanded to state court (Doc. 15). Although Appleby filed suit in state court and asserts state-law claims, she also asserts a related federal claim which permits removal to this court. (Doc. 1-4.) Appleby's request to remand this case to state court is denied.

On June 17, 2026, MOHELA received a summons and incomplete copy of Appleby's complaint (the "June 17th copy") by certified mail. (Docs. 1-3; 16-1 at 3.) This copy contained only one sentence alleging deceptive practices, negligent misrepresentation, and unlawful withholding of funds "related to the administration of [Appleby's] Public Service Loan Forgiveness ('PSLF') application" and requested monetary relief in the amount of $48,407.34, plus interest. (Doc. 1-3 at 4, 5.) MOHELA's local counsel obtained a complete copy of the complaint from the Coconino County

Superior Court on July 24th, 2026 and provided it to MOHELA's national counsel on July 27th, who then provided it to MOHELA on July 28th (the "July 28th copy"). (Docs. 1-4; 16 at 8 n.4; 16-2 at 3.) This copy included five new pages of information not contained in the June 17th copy, including a claim that MOHELA violated the federal Expedited Funds Availability Act ("EFAA"), 12 U.S.C. § 4001, *et seq*. (Doc. 1-4 at 5.) On August 24, 2026, MOHELA removed the case from state court pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446, asserting federal-question jurisdiction over the EFAA claim and supplemental jurisdiction over the state-law claims. (Doc. 1 at 3–4.)

On September 18, 2026, Appleby filed a motion to remand. (Doc. 15.) That motion argues the court lacks diversity jurisdiction because less than $75,000 is in controversy. (Doc. 15 at 2–3.) The motion also argues the removal was untimely because MOHELA was served with the summons and complaint on June 10, 2026, but did not remove the case until August 24. (Doc. 15 at 3.) Neither argument is correct.

A federal court has jurisdiction over a civil case initiated in state court and removed by a defendant only if the case could have been brought in federal court in the first instance. 28 U.S.C. § 1441(a). "A federal court can decide cases only when it has subject matter jurisdiction." *Shamrock Development Co. v. City of Concord*, 656 F.2d 1380, 1384 (9th Cir. 1981). Federal-question jurisdiction generally exists if a federal question appears on the face of a plaintiff's well-pleaded complaint, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987), or where a federal issue is "a necessary element" of a state-law claim. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006); *accord Gunn v. Minton*, 568 U.S. 251, 258 (2013). In rare circumstances, removal is also proper where federal law completely preempts a plaintiff's state-law claim. *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 686 (9th Cir. 2022). Appleby's complaint raises a federal question because it pleads a claim under the EFAA, a federal statute. See *Virgin v. Cnty. of San Luis Obispo*, 201 F.3d 1141, 1142–43 (9th Cir. 2000) ("A claim arises under federal law within § 1331 if . . . a federal law creates the plaintiff's cause of action . . . .").

Turning to the timeliness of removal: Under § 1446(b)(1), if a "defendant is served

with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). "[I]f a case stated by the initial pleading" is not initially removable due to apparent lack of subject matter jurisdiction, a defendant has 30 days to file a notice of removal after receiving an amended pleading, motion, order, or other paper "from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3); *see Blumberger v. Tilley*, 115 F.4th 1113, 1122 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 2818 (2025).

Here, though MOHELA received a summons and copy of Appleby's complaint on June 17th, that copy was missing the five pages detailing all of Appleby's allegations and claims. The June 17th copy contained vague assertions of fraud and misrepresentation, but such claims do not establish federal-question jurisdiction merely because they concern a federal loan-forgiveness program such as PSLF. Fraud and misrepresentation are traditionally state-law claims, and the Higher Education Act ("HEA")—which governs PSLF—has not been found to completely preempt all state-law claims and confer exclusive federal question jurisdiction. *See Saldana*, 27 F.4th at 686 (explaining only three federal statutes have been found to establish complete preemption); *cf. Ammedie v. Sallie Mae, Inc.*, 485 F. App'x 399, 400 (11th Cir. 2012) (remanding to state court after rejecting loan servicer's argument that HEA preempted all state-law claims in the area of student-loan-debt collection).

With nothing more than these vague claims and a brief reference to PSLF in the June 17th copy of the complaint, it was impossible for MOHELA to know the precise grounds for Appleby's claims and whether they necessarily raised a substantial federal question. MOHELA therefore could not have reasonably ascertained a basis for removal until July 28th, 2026, when it received the complete copy of the complaint containing Appleby's federal EFAA claim and other allegations.

/

/

Accordingly, the 30-day notice-of-removal period began no earlier than July 28th, 2026. Because MOHELA filed its notice within that 30-day period, its notice was timely and Appleby's motion to remand is denied.

**IT IS ORDERED** the Motion to Remand (Doc. 15) is **DENIED**.

Dated this 7th day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**